UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | | | |
|---|---|---|---|
| Case No. | **LA CV 17-00706-VBF-FFMx** | Dated: | Monday, January 30, 2017 |

Title: ***Khanon Mahindokht Azad, Gishh Alsaeedi, and Mustafa Abdul Wahed, individually**, and Public Counsel, American Immigration Lawyers Ass'n, Asian Americans Advanced Justice-LA, Iranian American Bar Ass'n, and National Lawyers Guild-LA, Non-Profit Organizations)*, **Plaintiffs v. Donald J. Trump (President of the United States of America)**, *John F. Kelly (Secretary, Department of Homeland Security), U.S. Dep't of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), Kevin McAleenan (Acting Commissioner of CBP), and Mitchell Merriam (Los Angeles Field Director, CBP)*, **Defendants**

---

PRESENT: HONORABLE VALERIE BAKER FAIRBANK, SENIOR U.S. DISTRICT JUDGE

| | |
|---|---|
| N/A | N/A |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER | ATTORNEYS PRESENT FOR RESPONDENT |
|---|---|
| N/A | N/A |

**PROCEEDINGS (in chambers):**   **ORDER**   Dismissing Document #1 (Original Habeas Petition and Complaint of Farmad and Yazdi) As Moot;

Dismissing Document #2 (TRO Application of Farmad and Moosavizadeh) as Moot;

Terminating Fatema Farmad as a Party Plaintiff;
Terminating Moosavizadeh Yazdi as a Party Plaintiff;

Adding Khanon Mahindokht Azad as a Party Plaintiff;
Adding Gishh Alsaeedi as a Party Plaintiff;
Adding Mustafa Abdul Wahed as a Party Plaintiff;

MINUTES FORM 90, CIVIL - GEN                         Initials of Deputy Clerk ___jmb___

**Adding Five Organizations as Parties Plaintiff**

**The Original Habeas Petition and Complaint by Farmad and Yazdi, and Their TRO Application.** On Sunday, January 29, 2017, two individuals, Fatema Farmad ("Farmad") and Marzieh Moosavizadeh Yazdi ("Yazdi"), filed a document initiating this action, which they denominated both as a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2241 and a complaint for declaratory and injunctive relief. As defendants they named Donald J. Trump in his official capacity as President of the United States of America ("President Trump"), John F. Kelly in his official capacity as Secretary of the U.S. Department of Homeland Security ("Secretary Kelly"), the U.S. Dep't of Homeland Security ("DHS"), U.S. Customs and Border Protection ("CBP"), Kevin McAleenan in his official capacity as Acting Commissioner of CBP, and Mitchell Merriam in his official capacity as Los Angeles Field Director of CBP. See Case Management / Electronic Case Filing System Document ("Doc") 1 at 1 and ¶¶ 14-17.

Farmad and Yazdi alleged that on Saturday, January 28, 2017, "[e]ven though [they] were returning home" from Iran "as lawful permanent resident[s of the United States], . . . CBP . . . blocked [them] from entering LAX airport and detained [them] therein" solely on the authority of an Executive Order that President Trump issued on Friday, January 7, 2017. Farmad further alleged that her application for U.S. Citizenship has been approved and that she is scheduled to be sworn in as a U.S. citizen on Monday, February 13, 2017. *See* Comp (Doc 1) ¶¶ 2-4 and 10-11.

Farmad and Yazdi state that U.S. District Judge Donnelley of the Eastern District of New York issued an Order on Saturday, January 28, 2017 apparently purporting to impose a nationwide stay on the enforcement of the Executive Order such that the federal government

> is enjoined and restrained from, in any manner, removing individuals with refugee applications approved by U.S. Citizenship and Immigration Services as part of the U.S. Refugee Admissions Program, holders of valid immigrant and non-immigrant visas, and other individuals from Iraq, Syria, Iran, Sudan, Libya, Somalia, and Yemen legally authorized to enter the United States.

Comp (Doc 1) ¶¶ 4 and 6. District Judge Donnelley's order stated, without analysis or citation to authority, that "petitioners have a strong likelihood of establishing that the removal of the petitioner and other similarly situated [individuals] violates their rights to Due Process and Equal Protection guaranteed by the United States Constitution." Comp (Doc 1) ¶ 6 (quoting Comp Exhibit ("Ex") A).

Also on January 29, 2017, Farmad and Yazdi filed an Ex Parte Application for a Temporary Restraining Order to compel the federal government to release them from detention and allow them entry into the United States. *See* Docs 2 through 2-2. That same day, however, Farmad and Yazdi filed a Notice informing this Court that they had both been released from federal custody and allowed to leave LAX and enter the United States. *See* Doc 4.

**The First Amended Habeas Petition and Complaint by Azad, Alsaeedi, and Wahed, and Their TRO Application.** Still later on Sunday, January 29, 2017, a First Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("FAC") (Doc 6) was filed by an entirely different set of plaintiffs, *not* including Farmad and Yazdi. Under the FAC, the plaintiffs are now three individuals – Khanon Mahindokht Azad ("Azad"), Gishh Alsaeedi ("Alsaeedi"), and Mustafa Abdul Wahed ("Wahed") – and four non-profit organizations (Public Counsel, American Immigration Lawyers Association, Asian Americans Advancing Justice-LA, and National Lawyers Guild-LA).

**The Court determines that by operation of law, the FAC automatically replaced and superseded the original habeas petition and complaint, rendering the original petition and complaint of no force and effect.** *See Pac. Bell Tel. Co. v. Linkline Comms., Inc.*, 555 U.S. 438, 456 n.4, 129 S. Ct. 1109, 1123 n.4 (2009) ("Normally, an amended complaint supersedes the original complaint."). As the Ninth Circuit has said, "[a]s a general rule, when a plaintiff files an amended complaint, the amended complaint supercedes [sic] the original, the latter being treated thereafter as non-existent." *Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir. 2014) (quoting *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (internal quotation marks and citations omitted)).

Likewise, because the filing of the FAC rendered Farmad and Yazdi no longer parties to this action, the Court will dismiss Farmad and Yazdi's Ex Parte Application for a TRO (Doc 2) without prejudice as moot and terminate Farmad and Yazdi as parties. *See Sample v. Dep't of Corrections*, 2017 WL 25472, *2 (E.D. Wis. Jan. 3, **2017**) (Stadtmueller, J.) ("[I]n such instances, the 'prior pleading is in effect withdrawn as to all matters not

restated in the amended pleading.'") (quoting *Duda v. Board of Ed. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998)). The Court will direct the Clerk's Office to add as parties those persons and entities listed as plaintiffs in the First Amended Petition and Complaint.

ORDER

The original habeas petition and complaint filed by Farmad and Yazdi on January 29, 2017 **[Doc #1] is DISMISSED as moot.**

The Ex Parte Application for Temporary Restraining Order filed by and in connection with the complaint/petition of Farmad and Yazdi on January 29, 2017 **[Doc #2] is DISMISSED as moot.**

Fatema Farmad is **TERMINATED** as a party plaintiff.

Marzieh Moosavizadeh Yazdi is **TERMINATED** as a party plaintiff.

The Clerk's Office **SHALL ADD** these three natural persons as parties plaintiff:

Khanon Mahindokht Azad

Gishh Alsaeedi

Mustafa Abdul Wahed

The Clerk's Office **SHALL ADD** these five entities as parties plaintiff:

Public Counsel

American Immigration Lawyers Association

Asian Americans Advancing Justice-LA

Iranian American Bar Association

National Lawyers Guild-LA

The operative pleading is now the "First Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" filed by Azad, Alsaeedi, and Wahed on January 29, 2017 (Document #6).

IT IS SO ORDERED.

MINUTES FORM 90, CIVIL - GEN                          Initials of Deputy Clerk ___jmb___