UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Priority | ___ |
| Send | ___ |
| Enter | ___ |
| Closed | ___ |
| JS-5/JS-6 | ___ |
| Scan Only | ___ |

**CASE NO.:** CV 17-00706 SJO (GJSx)  **DATE:** February 3, 2017

**TITLE:** Azad et al. v. Trump et al.

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz  
Courtroom Clerk

Not Present  
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**

Not Present

**COUNSEL PRESENT FOR RESPONDENTS:**

Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PETITIONERS' THIRD *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING STATUS CONFERENCE** [Docket No. 16]

The Court is in receipt of and has reviewed the following four documents:

(1) The First Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Amended Petition and Complaint") filed by Petitioners Khanon Mahindokht Azad ("Azad"), Gishh Alsaeedi ("Alsaeedi"), Mustafa Abdul Wahed ("Wahed") (together, "Individual Petitioners") and Plaintiffs Public Counsel, American Immigration Lawyers Association, Asian Americans Advancing Justice – LA, Iranian American Bar Association, and National Lawyers Guild – Los Angeles Chapter (together, "Plaintiff Organizations") on January 29, 2017, (ECF No. 6.);

(2) Individual Petitioners' Third *Ex Parte* Application for Temporary Restraining Order ("Third TRO Application"), filed February 1, 2017, (ECF No. 16);

(3) Respondents Donald Trump, John F. Kelly, U.S. Department of Homeland Security, U.S. Customs and Border Protection, Kevin McAleenan, and Mitchell Merriam's (together, "Respondents") Opposition to the Amended Petition for Writ of Habeas Corpus ("Opposition"), filed February 3, 2017, (ECF No. 26); and

(4) Individual Petitioners' Notice of Withdrawal of *Ex Parte* Application for Temporary Restraining Order ("Notice of Withdrawal"), also filed February 3, 2017 (ECF No. 27).

In light of Individual Petitioners' withdrawal of their Third TRO Application and their submission that "they have not obtained information within the last 48 hours establishing that LAX officials continue to engage in the extended detentions and other coercive practices described" in the Third TRO Application and its associated documents, (*see* Notice of Withdrawal 1), the Court **DENIES** the Third TRO Application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 17-00706 SJO (GJSx)          DATE: February 3, 2017

Both the Notice of Withdrawal and Respondents' Opposition to the Amended Petition and Complaint suggest that no individuals, including the three Individual Petitioners, remain detained at Los Angeles International Airport ("LAX") pursuant to the Executive Order titled "Protection the Nation from Foreign Terrorist Entry into the United States" that issued on January 27, 2017 (the "Executive Order").  (*See generally* Notice of Withdrawal; Opp'n.)  The Amended Petition and Complaint, however, is largely directed at remedying alleged violations that occurred at LAX as a result of the Executive Order.  (*See generally* Am. Pet. & Compl.)  Because a habeas petition does not "continue to present a live controversy after a petitioner's release or deportation" absent "some remaining 'collateral consequence' that may be redressed by success on the petition," *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), the Court takes seriously Respondents' position that the habeas petition has been rendered moot, (*see generally* Opp'n).

That said, in their Prayer for Relief, Individual Petitioners and Plaintiff Organizations seek to declare portions of the Executive Order and Respondents' conduct as unauthorized by statute and contrary to law and further seek to enjoin Respondents from accepting a voluntary withdrawal of an application for admission or a voluntary relinquishment of legal status in the United States. (*See* Am. Pet. & Compl. at 21-22.)  Moreover, the Court notes that the operative pleading in this action is not only brought pursuant to the Habeas Corpus Suspension Clause of the United States Constitution and the associated habeas corpus statutes, but is also brought pursuant to a number of other federal statutes, including 28 U.S.C. Section 1331, 28 U.S.C. Section 1361, and the Declaratory Judgment Act, 28 U.S.C. Section 2201 *et seq.*  (*See* Am. Pet. & Compl. ¶ 15.)

In light of these issues, the Court finds occasion to set a status conference (1) to clarify issues of mootness and standing; (2) to address the possibility and propriety of amending the operative pleadings; and (3) to discuss the status of litigations challenging aspects of the Executive Order that are currently pending throughout the country.  The Court **SETS** a status conference for **Friday, February 10, 2017** at 10:00am.  The Court **ORDERS** the Plaintiff Organizations to submit, on or before **Tuesday, February 7, 2017** at 4:00pm Pacific Standard Time, a memorandum, totaling no more than ten (10) pages, addressing why this action is not moot, why they would have standing to litigation this action if the Court were to dismiss the Individual Petitioners, and whether they intend to file a Second Amended Complaint.  Should Respondents wish to respond to this memorandum, they may do so by filing a memorandum of their own, totaling no more than five (5) pages, on or before **Wednesday, February 8, 2017** at 4:00pm Pacific Standard Time.

IT IS SO ORDERED.